UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFERY NELSON, | ) |
| Plaintiff, | ) |
| vs. | ) 15-1098 |
| JOEL STACKEY, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a video merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, proceeding pro se, and currently incarcerated in the Pontiac Correctional Center was granted leave to proceed *in forma pauperis*. The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that in April 2008, he was convicted of murder in Kansas. Pursuant to an Interstate Corrections Compact, the plaintiff was transferred to the Illinois Department of Corrections on July 12, 2012. On September 3, 2014, plaintiff was returned to the Kansas Department of Corrections. While in Kansas, plaintiff received discipline for having a cell phone in the POD in which he was housed. The plaintiff was returned to Illinois on September 17, 2014, and on September 22, 2014, the plaintiff was placed into segregation at Pontiac. On October 21, 2014, the plaintiff received a disciplinary ticket for having a synthetic drug in his possession at Pontiac. The plaintiff received a hearing and was found guilty on this ticket. The plaintiff complains about being held in segregation in September 22, 2014, based upon the disciplinary ticket issued from Kansas. The plaintiff also complains that the adjustment committee did not consider the evidence in finding him guilty on the ticket issued in Pontiac. Plaintiff alleges that his Due Process rights have been violated.

Plaintiff's complaint fails to state a claim. Being placed into segregation based upon the disciplinary ticket issued in Kansas does not violate the plaintiff's rights. Moreover, being placed into segregation for 29 days by itself does not violate the plaintiff's constitutional rights. In the Seventh Circuit, "a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state." *Richardson v. Brown*, 2013 WL 5093801, * 5 (S.D. Ind. Sept. 11, 2013). "Merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing units of the jail does not violate the guarantee of due process." *Id*. Plaintiff has not alleged that his conditions were excessive in length or restrictions so as to trigger any due process protections. As for his claims regarding his disciplinary hearing, the United States Supreme Court held in *Wolff v. McDonnell*, 418 U.S. 539 (1974), that due process in a prison disciplinary hearing requires four procedures: advance written notice of the charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence; (3) a written statement by the fact finder of the evidence relied upon and the reasons for the decision; and (4) some evidence to support the decision. *Id*. at 571. The documents attached to the plaintiff's Complaint demonstrate that *Wolff's* requirements were satisfied, and the plaintiff's assertion that the hearing committee members did not review the clear evidence in his favor is insufficient to state a claim.

**IT IS THEREFORE ORDERED that:**

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the

plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 5th day of May, 2015.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE